IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD JOHNSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 09-1681 |
| | ) |
| | )   Magistrate Judge Bissoon |
| CHIEF EXEC. DAN ONORATO, *et al*., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Ronald Johnston is a state prisoner currently incarcerated in the State Correctional Institution at Pittsburgh, Pennsylvania, who asserts that his constitutional rights were violated while he was a pre-trial detainee at the Allegheny County Jail ("Jail"). Plaintiff was granted leave to file an Amended Complaint, and he did so January 22, 2010 (Doc. 9).

Plaintiff's cell was searched on May 3, 2007, and officers noted that someone had tampered with the window in his cell. A make-shift rope and sharp implements were found adjacent to Plaintiff's cell. Plaintiff alleges that Jail personnel assaulted him, denied him medical treatment, and falsely accused him of attempting to escape for which he was sentenced to four months disciplinary custody. He also asserts that he was improperly denied communication with counsel representing him in a child custody matter during his time in disciplinary custody. Finally, Plaintiff alleges that Defendant Usner, a police detective, maliciously prosecuted him for attempted escape and presented false testimony at a preliminary hearing and at trial.

Plaintiff has filed a second Motion for Leave to File an Amended Complaint (Doc. 11) wherein he asserts that he has learned the name of an additional Defendant, William L. Emerick, who was the grievance officer who "failed to respond" to Plaintiff's grievances at the Allegheny

County Jail. Plaintiff also seeks to withdraw claims against Defendant Pofi in his third Motion for Leave to File an Amended Complaint (Doc. 20). Defendants have filed a Motion to Dismiss (Doc. 14) asserting that Plaintiff's claims are time-barred, and Plaintiff has responded (Doc. 19).

The parties have consented to the undersigned exercising jurisdiction in this case (Docs. 5, 16).

### A. Applicable Standard

#### 1. Amendments

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. Plaintiff has already amended his Complaint once. Any further amendment requires leave of court, which should be "freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). Grounds that may justify a denial of leave to amend include "undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted). "In assessing 'futility,' the district court applies the same standard as applies under Rule 12(b)(6)." Id.

#### 2. Dismissal

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Rather a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

**B.    Analysis.**

**1.    Statute of Limitations**

Plaintiff's claims against all Defendants save Defendant Usner arise from events occurring on May 3, 2007, and his subsequent placement in the Disciplinary Housing Unit ("DHU") at the Jail for the ensuing four months. The Complaint in this case was received by the Clerk on December 22, 2009, and is dated December 3, 2009.

The limitations period for actions brought under Section 1983 is determined by state law. Wilson v. Garcia, 471 U.S. 261, 272-76 (1985). Pennsylvania applies a two-year statute of limitations to civil rights actions brought pursuant Section 1983. 42 Pa. Cons. Stat. § 5524; Epps v. City of Pittsburgh, 33 F.Supp.2d 409 (W.D. Pa. 1998) (Standish, J.).

The date on which a Section 1983 claim accrues is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff knew or had reason to know of the injury and its causal connection to the defendants. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

Here, it is apparent from the face of the Amended Complaint that all of the alleged constitutional violations occurred between May 3, 2007, and an unspecified date four months later, or early September, 2007, at the latest. The statute of limitations expired long before

Plaintiff initiated this lawsuit, and this is true even if the Court considers the Complaint filed on the date that Plaintiff signed it, December 3, 2009. All of Plaintiff's claims (except for the claim against Defendant Usner, addressed below) are barred by the applicable statute of limitations.

Plaintiff argues, however, that state court criminal charges were pending against him until January 23, 2008, when he was acquitted of charges that he attempted to escape from prison. Plaintiff argues that his civil rights claims arising from the cell search and disciplinary charges did not accrue until after the state court criminal charges were dismissed, because resolution of his civil rights claims in his favor would necessarily have implicated the validity of his pending state criminal charges. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (A prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus."). However, in Wallace v. Kato, 549 U.S. 384 (2007), the Supreme Court expressly overruled precedent in some circuits applying Heck to bar section 1983 claims filed by persons with criminal charges pending in state court, and clarified that Heck only applies if a civil rights plaintiff has actually been convicted. Plaintiff here was never convicted of the underlying offense, and Heck does not delay the accrual of his claims against Jail personnel.

    **2.**    **Motions to Amend**

Plaintiff's Motion to Amend (Doc. 11) will be denied for the same reason. Plaintiff proposes to assert a claim that William Emerick "ignored" Plaintiff's grievances concerning his treatment while at the Jail. Although Plaintiff does not specify when he filed grievances, it is clear that his grievances were addressed to activities occurring in the May through September,

2007 time frame. Therefore, Plaintiff's proposed claim against Emerick is time-barred, and amendment of the Complaint to include that claim would be futile.

Plaintiff's proposed claim against Emerick is futile for the additional reason that prisoners do not possess a due process right to file a grievance, nor does the creation of such a procedure by the state create any federal constitutional rights. Wilson v. Horn, 971 F.Supp,. 943, 947 (E.D. Pa. 1997), aff'd 142 F.3d 430 (3d Cir. 1998). Thus, a prison official can fail to respond to a grievance, or to investigate it, or to reach the right result in ruling upon it, and still not offend a prisoner's constitutional rights. See Bailey v. Palakovich, 2007 WL 1450698, at 3-4 (M.D. Pa. 2007).

Plaintiff's latest request for leave to amend (Doc. 20) seeks to withdraw claims against Defendant Pofi who, Plaintiff now states, is not the Jail Guard who allegedly assaulted him. This Motion will be granted as to that claim.

### 3.     Defendant Usner

Plaintiff alleges that Defendant Usner "falsely charged" him with criminal offenses on May 10, 2007, and that he was acquitted of those charges in January, 2008. The two-year statute of limitations applicable to Section 1983 claims does not begin to run on a claim of malicious prosecution until the underlying criminal proceedings have ended in Plaintiff's favor. Rose v. Bartle, 871 F.2d 331, 348-49 (3d Cir. 1989). Plaintiff's malicious prosecution claim against Defendant Usner, therefore, is timely. However, this does not end the Court's inquiry regarding the viability of the claim against Defendant Usner.

The elements of a Section 1983 malicious prosecution claim are as follows:

> (1) the defendant [in the malicious prosecution civil suit] initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to

>justice; and (5) the plaintiff suffered deprivation of liberty consistent with
>the concept of seizure as a consequence of a legal proceeding.

Camiolo v. State Farm Fire and Cas. Co., 334 F.3d 345, 362-3 (3d Cir. 2003);  Lipay v. Christos, 996 F.2d 1490, 1502 (3d Cir. 1993) ("We have recognized such a claim [i.e., a malicious prosecution claim] under section 1983, so long as the plaintiff proves the existence of the elements of the common law tort of malicious prosecution.").

Any constitutional claim for malicious prosecution must rest on a violation of the Fourth Amendment's prohibition of unreasonable searches or seizures.  Albright v. Oliver, 510 U.S. 266, 273-74 (1994).  A prisoner in custody when a criminal action is commenced against him cannot bring a malicious prosecution claim because the filing of criminal charges does not deprive him of liberty.  A malicious prosecution claim is not, therefore, available to Johnston because he was indisputably imprisoned on other charges during the relevant time period.  See Henderson v. McGinnis, 1996 WL 417556, *10 (N.D. Ill., Jul 22, 1996); Rauso v. Romero, 2005 WL 1320132, at *2 (E.D. Pa. June 2, 2005) (the plaintiff failed to state a claim of malicious prosecution because "plaintiff did not sustain a 'deprivation of liberty consistent with the concept of a seizure' in connection with the hearing or the recission [sic, should be "rescission"] of parole-since he was already in prison at the time.").

AND NOW, this 22nd day of February, 2010,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (Doc. 14) is GRANTED with respect to all Defendants, and Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 11) is DENIED as the proposed amendment would be futile.

IT IS FURTHER ORDERED Plaintiff's third Motion for Leave to File an Amended Complaint (Doc. 20), seeking to withdraw claims against Defendant Pofi, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. 18) is DENIED AS MOOT.  The clerk is directed to mark this case CLOSED.

s/Cathy Bissoon  
CATHY BISSOON  
UNITED STATE MAGISTRATE JUDGE

**Cc:**
RONALD JOHNSTON
HR7014
3001 Beaver Ave.
Pittsburgh, PA 15233