IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD JOHNSTON,                 )
                                 )
            Plaintiff,           )
                                 )
      v.                         )          Civil Action No. 09-1681
                                 )
                                 )          Magistrate Judge Bissoon
CHIEF EXEC. DAN ONORATO, *et al.*, )
                                 )
            Defendants.          )

**MEMORANDUM AND ORDER**

Ronald Johnston is a state prisoner currently incarcerated in the State Correctional

Institution at Pittsburgh, Pennsylvania, who asserts that his constitutional rights were violated

while he was a pre-trial detainee at the Allegheny County Jail ("Jail").  The Court dismissed the

Complaint and denied Plaintiff's Motion to Amend on February 22, 2010 (Doc. 22).  Plaintiff

has filed a "Motion for Leave to Amend to Overcome the Deficiency" (Doc. 24) citing Federal

Rule of Civil Procedure 59(e), which permits a Court to "correct manifest errors of law or fact"

or to consider "newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir.

1985).

Claims against all Defendants except Defendant Usner were dismissed on the basis that

they are barred by the statute of limitations.  Plaintiff asserts that the Court should permit him to

amend his Complaint to include allegations that Defendants' interference with his state court

child custody case continued through January, 2008.  While such an amendment would make

Plaintiff's denial of access to the courts claim timely, the amendment would be futile because a

state court custody dispute is not the proper subject of a denial of access claim.  "Under the First

and Fourteenth Amendments, prisoners retain a right of access to the courts.   However,
**prisoners may only proceed on access-to-courts claims in two types of cases, challenges**
**(direct or collateral) to their sentences and conditions of confinement.**"   Monroe v. Beard,
536 F.3d 198, 205 (3d Cir. 2008) (emphasis added), citing Lewis v. Casey, 518 U.S. 343, 354
(1996).

Plaintiff also challenges the Court's ruling dismissing his malicious prosecution claim
against Defendant Usner.  The Court ruled that Plaintiff's imprisonment on other charges when
Defendant Usner initiated the prosecution for escape prevented Plaintiff from establishing a
deprivation of liberty as is required for a malicious prosecution claim.  Camiolo v. State Farm
Fire and Cas. Co., 334 F.3d 345, 362-63 (3d Cir. 2003) (deprivation of liberty is an element of
malicious prosecution claim).  Plaintiff asserts that the Court made a mistake of fact in this
respect because he was a pretrial detainee at the time charges were filed, and that "nothing was
preventing [him] from posting bond" (Doc. 24, p. 2).  Plaintiff alleges that the $25,000 bond set
for his new charges "prevented him from posting bond on his original charge" (Id., p. 9).  An
exhibit attached to Plaintiff's Motion establishes that he was being held in the Jail on a robbery
charge and that bond had been set at $100,000 "straight" at the time Defendant Usner filed the
escape charges at issue in this case (Doc. 24, Ex. 1, p. 3).  Therefore, the Court did not err in
ruling that Plaintiff was not denied his liberty when new charges were filed because Plaintiff was
admittedly already in jail on other charges.  See Henderson v. McGinnis, 1996 WL 417556, *10
(N.D. Ill., July 22, 1996) ("A prisoner in custody when a criminal action is commenced against
him cannot bring a malicious prosecution claim because the filing of criminal charges did not
deprive him of liberty.  If he is ultimately convicted and receives an additional sentence, he has
suffered a loss of liberty, but in that case the proceedings would not have been terminated in his

favor."); <u>Goncalves v. Reynolds</u>, 198 F.Supp.2d 278, 283 (W.D. N.Y. 2001) (rejecting claim that

new charge "demolished" chance for bail on existing charges).

     Finally, even if Plaintiff's allegations sufficed to establish a deprivation of liberty, his

malicious prosecution claim fails because he has not alleged a "facially plausible" claim that

Defendant Usner lacked probable cause to believe Plaintiff had attempted an escape.  <u>Bell</u>

<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) (a plaintiff must allege "enough facts to

state a claim to relief that is plausible on its face" to avoid dismissal).  Probable cause exists

"when the facts and circumstances within the arresting officer's knowledge are sufficient in

themselves to warrant a reasonable person to believe that an offense has been or is being

committed by the person to be arrested."  <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 483

(3d Cir. 1995).  Probable cause "does not require the same type of specific evidence of each

element of the offense as would be needed to support a conviction." <u>Wright v. City of Phila.</u>, 409

F.3d 595, 602 (3d Cir. 2005).  And, of particular relevance here, "it is irrelevant to the probable

cause analysis . . . whether a person is later acquitted of the crime for which she or he was

arrested."  <u>Id</u>.

     Here, Plaintiff does not contest that the window in his jail cell had been tampered with (in

fact, he states that it had been "cut"), nor does he contest that instruments sufficient to

accomplish such tampering were found in an area near his cell along with a "makeshift" rope.

Plaintiff's complaint with the charges filed against him is that "there was no probable cause to

suspect that Plaintiff was guilty of cutting the window in his cell" because he "was one of

thousands of inmates assigned to that cell throughout the history of that cell." (Doc. 24, p. 6)

Indeed, Plaintiff's defense ultimately succeeded.   In this case, however, a reasonable person

faced with evidence that a jail cell window had been tampered with, and that tools for

accomplishing this were nearby, would believe that the occupant of the cell was responsible for these actions, and that he took these actions in an attempt to escape.  Therefore, Plaintiff has not made a plausible allegation that Defendant Usner lacked probable cause in this case.[1]

AND NOW, this 11th day of March, 2010,

IT IS HEREBY ORDERED that Defendants' "Motion for Leave to Amend to Overcome the Deficiency (Doc. 24) is DENIED

s/Cathy Bissoon
CATHY BISSOON
UNITED STATE MAGISTRATE JUDGE

**Cc:**
RONALD JOHNSTON
HR7014
3001 Beaver Ave.
Pittsburgh, PA 15233

---

[1] Plaintiff's allegation that Defendants "fabricated evidence" would be relevant to this inquiry if it were based upon more than his assertion that one Defendant placed the length of the makeshift rope at 30 feet while another said it was 50 feet long.  This difference of opinion concerning the length of the makeshift rope is not an indication that any Defendant "fabricated" evidence.